1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    COLEMAN KENYATTA SMITH, JR.,              No. 2:18-cv-2549-EFB P

12                      Plaintiff,

13            v.                                 ORDER

14    J. GROVE, et al.,

15                      Defendants.

16

17            Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to

18    42 U.S.C. § 1983.[1]  His complaint is before the court for screening.

19                                     Screening Standards

20            Federal courts must engage in a preliminary screening of cases in which prisoners seek

21    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

24    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

25    relief."  *Id.* § 1915A(b).

26    /////

27

28            [1] Plaintiff has paid the filing fee.

                                                1

1    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

2    of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and

3    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

4    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

5    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

6    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

7    its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

8    U.S. 662, 679 (2009).

9        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

10   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

11   action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of

12   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

13   678.

14       Furthermore, a claim upon which the court can grant relief must have facial plausibility.

15   *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

16   content that allows the court to draw the reasonable inference that the defendant is liable for the

17   misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a

18   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

19   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

20   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

21                                          Screening Order

22       In his first amended complaint, plaintiff alleges that because "yard was being recalled,"

23   correctional officers J-Grove and Rasheve escorted him back to his cell.[2] ECF No. 5 at 3. When

24   they were close to his cell, Rasheve said to J-Grove, "you ready." *Id.* Then, plaintiff "was

25   thrown to the ground" and the officers started beating him, resulting in a "bruised face" and a

26   "busted lip." *Id.* Plaintiff received a rule violation for head-butting Rasheve, but the report was

27

28       [2] Plaintiff subsequently filed a second amended complaint (ECF No. 8), the allegations of
     which do not significantly differ.

1    dismissed. *Id.* Even so, plaintiff claims he did not receive "proper process." *Id.* at 4. Plaintiff

2    states that his administrative appeal regarding the claims raised in his complaint is "still pending."

3    *Id.* at 3-4.

4         As a preliminary matter, plaintiff is cautioned that the Prison Litigation Reform Act of

5    1995 provides that "[n]o action shall be brought with respect to prison conditions under section

6    1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

7    correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.

8    § 1997e(a). Therefore, a prisoner must exhaust available administrative remedies before filing

9    any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust.

10   *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney v. Carey*, 311 F.3d 1198

11   (9th Cir. 2002). Plaintiff's representation that his administrative appeal is "still pending" suggests

12   that he may have prematurely filed suit. If so, plaintiff risks dismissal of this case for failure to

13   exhaust administrative remedies prior to filing suit, even if he completes the exhaustion process

14   while this case is pending. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (prisoner's

15   concession to nonexhaustion is valid ground for dismissal of an action, so long as no exception

16   applies), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (*en banc*).

17        As for the substance of plaintiff's claims, the allegations, taken as true, are insufficient to

18   state a viable Eighth Amendment excessive force claim. In order to establish a claim for the use

19   of excessive force in violation of the Eighth Amendment, a plaintiff must demonstrate that prison

20   officials applied force maliciously and sadistically to cause harm, rather than in a good-faith

21   effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Here,

22   plaintiff fails to plead facts necessary to show that the correctional officers' use of force was

23   applied maliciously and sadistically to cause harm. Although plaintiff alleges that the rules

24   violation report charging him with battery was dismissed, he does not allege that their attack on

25   him was unjustified. In any amended complaint, plaintiff must allege more about the

26   circumstances at issue, i.e., why yard had been recalled, the severity of any threat perceived by

27   the officers, why the officers began to beat plaintiff, and if or when plaintiff struck or resisted the

28   officers.

3

1    To the extent plaintiff wishes to pursue a claim for violation of the right to procedural due

2    process under the Fourteenth Amendment, he must show: "(1) a deprivation of a constitutionally

3    protected liberty or property interest, and (2) a denial of adequate procedural protections."

4    *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).  Here, there are no allegations showing

5    that plaintiff had a property or liberty interest sufficient to invoke the procedural protections of

6    the due process clause.  Even if there were, the claim still fails to survive screening because there

7    are also no allegations stating which procedural protections plaintiff was denied.

8                                             Leave to Amend

9        Plaintiff will be given an opportunity to amend his complaint.  He is cautioned that any

10   amended complaint must identify as a defendant only persons who personally participated in a

11   substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743

12   (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an

13   act, participates in another's act or omits to perform an act he is legally required to do that causes

14   the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so

15   closely related to his federal allegations that "they form the same case or controversy."  *See* 28

16   U.S.C. § 1367(a).

17       The amended complaint must also contain a caption including the names of all defendants.

18   Fed. R. Civ. P. 10(a).

19       Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

20   *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring multiple, unrelated claims

21   against more than one defendant.  *Id.*

22       Any amended complaint must be written or typed so that it so that it is complete in itself

23   without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended

24   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

25   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

26   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

27   being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

28   1967)).

4

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that plaintiff's complaints (ECF Nos. 5 & 8) are dismissed with leave to amend within 30 days of service of this order and failure to comply with any part of this this order may result in dismissal of this action.

DATED: March 28, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE