UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLEMAN KENYATTA SMITH, Jr., | No. 2:18-cv-2549 EFB P |
| Plaintiff, | |
| v. | ORDER |
| J. GROVE, et al., | |
| Defendants. | |

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. On March 28, 2019, the court dismissed plaintiff's previous complaints with leave to amend after finding that, for screening purposes, he had failed to state a cognizable claim. ECF No. 9. He has now filed a third amended complaint (ECF No. 15), which is screened below.

Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

The current complaint alleges a single excessive force claim against defendants Grove and RaSheve. Plaintiff claims that, on an unspecified date, the defendants were escorting plaintiff back to his cell from the recreation yard. ECF No. 15 at 2. RaSheve allegedly asked Grove whether he was "ready" and the two threw plaintiff to the ground. *Id.* Plaintiff claims he was assaulted thereafter, though he does not specify how or for how long. *Id.* He alleges that the assault stopped when he "screamed to make the defendants stop" and they complied. *Id.* Plaintiff claims that this type of alleged misconduct is part of a pattern and is likely to reoccur. *Id.* These allegations lack factual context. Plaintiff has failed, for instance, to allege: (1) when this incident occurred; (2) what, if any, motive the defendants had for assaulting him; and (3) the nature of the assault or how long it lasted. Absent this context, plaintiff's claim does not rise above the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has

deemed non-compliant with Rule 8 of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And these contextual gaps in the pleading are not new. In its previous screening order, the court informed plaintiff that he "must allege more about the circumstances at issue, i.e., why yard had been recalled, the severity of any threat perceived by the officers, why the officers began to beat plaintiff, and if or when plaintiff struck or resisted the officers." ECF No. 9 at 3. Plaintiff has not addressed this issue in his current complaint.

The court will afford plaintiff one *final* opportunity to amend and address the foregoing gaps in his pleading.

### III. Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d 605, 607 (7th Cir. 2007). Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's third amended complaint (ECF No. 15) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

2. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: March 9, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE