1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    COLEMAN KENYATTA SMITH, Jr.,              No. 2:18-cv-2549-EFB P

12                 Plaintiff,

13          v.                                  ORDER

14    J. GROVE, et al.,

15                 Defendants.

16

17          Plaintiff, who is a state prisoner, proceeds without counsel in this action brought pursuant

18    to 42 U.S.C. § 1983.  On March 10, 2020, the court dismissed plaintiff's third amended complaint

19    on screening for failure to meet the pleading requirements of Rule 8 of the Federal Rules of Civil

20    Procedure.  ECF No. 17.  Plaintiff has now filed his fourth amended complaint (ECF No. 20) and

21    the court must screen it.

22                                      Screening

23          I.      Legal Standards

24          The court is required to screen complaints brought by prisoners seeking relief against a

25    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

1      II.      Analysis

2          As before, the current complaint (ECF No. 20) alleges a single excessive force claim

3  against defendants Grove and RaSheve.  It is devoid of factual context, alleging only that on an

4  unspecified date, plaintiff "was handcuffed and [his] legs were cuffed [and] for no reason [he]

5  was thrown to the ground and beaten" by the defendants.  ECF No. 20 at 3.  The court has

6  previously informed plaintiff that scant allegations like these are not sufficient to survive

7  screening.  *See* ECF No. 9 at 3; ECF No. 17 at 2-3.  Like his prior complaints, plaintiff fails to

8  provide much factual context for his claims, such as when the incident occurred or the nature of

9  the assault or how long it lasted.  The court previously warned plaintiff that as drafted, his claim

10  does not rise above the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that

11  the Supreme Court has deemed non-compliant with Rule 8 of the Federal Rules of Civil

12  Procedure.  *See* ECF No. 17 at 3-4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

13          Plaintiff was given leave to amend after the previous dismissal and has filed a complaint

14  that retains all of the deficiencies of its predecessor.  In an abundance of caution, the court will

15  grant plaintiff one more chance to amend.  At a minimum, any amended complaint should at least

16  give an idea of when the alleged beating occurred.  Further, any amended complaint must be

17  written or typed so that it so that it is complete in itself without reference to any earlier filed

18  complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier

19  filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer

20  serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the

21  "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'")

22  (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

23                                        Conclusion

24          Accordingly, it is ORDERED that:

25      1.      Plaintiff's fourth amended complaint (ECF No. 20) is dismissed with leave to

26              amend within 30 days from the date of service of this order; and

27  /////

28  /////

3

2.      Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED:  May 4, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4